IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ISAIAS PEREZ-CARRERA (Pro Se),

Petitioner

**v.**

UNITED STATES OF AMERICA

Respondent

**Civil No. 06-2010 (SEC)**

**OPINION & ORDER**

Pending before this Court is Petitioner Isaias Perez-Carrera's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner bases his motion on three grounds: (1) that he received ineffective assistance of counsel, (2) that he is entitled to withdraw his guilty plead to Count One because the plea agreement was written in a foreign language, which was/is unknown to the defendant, and (3) that he was entrapped by an outrageous government conduct. See Docket # 1. The Government has opposed Petitioner's claims with the following contentions: (1) the § 2255 motion was filed after the one-year limitations period; (2) Petitioner enjoyed adequate counsel; (3) the court provided Spanish interpreters to assist him in understanding the proceedings; and (4) Petitioner waived his appellate rights, and knew the consequences of his plea. See Docket # 6. After considering the filings and the applicable law, Petitioner's motion is hereby **DENIED**.

**Factual and Procedural Background**

The facts of the present case originate in or on July 4, 2004, when an undercover mission coordinated by the High Intensity Drug Trafficking Area (HIDTA) Task Force of the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("Bureau") received information that Petitioner, Isaias Perez-Carrera, was interested in committing an armed robbery of a cocaine

**CIVIL NO. 08-1766 (SEC)**                                                              **Page 2**

cache and was looking for criminal partners.  See Docket # 1-2 (Affidavit), ¶ 1-2  of CR-04-0407 (SEC).

Between September and November 2004, a Bureau undercover agent ("UA") spoke via telephone, and met with Petitioner several times to plan the heist.  During the course of these encounters, Petitioner stated that he was ready to participate in the robbery, he had both a crew and firearms, and that the cocaine obtained would be divided "fifty-fifty" (50/50) between the parties.  He also told the UA that he was "willing to do whatever it took," including "shooting the individuals guarding the cocaine."  Petitioner "further explained that he and other individuals . . . had the necessary access to equipment like police uniforms, flex-cuffs, masks, and various firearms, including a machine gun."  See id. at ¶¶ 5-19.

The day Petitioner was arrested (December 2, 2004), the gang of four (4) he had recruited met with the UA at the Holiday Inn hotel in Isla Verde.  In the parking lot, all five (5) firearms were identified, and placed inside a gym bag to conceal them before the group entered hotel room 148.  Once inside, the individual identified as Domingo Torres-Echevarria placed the weapons inside the hotel room safe and gave the key to the UA.  At this point, the agent told the group of four (4) that he wanted to show them the storage unit where they were going to deliver his portion of the stolen cocaine.  Upon entering the UA's car, all four (4) suspects were arrested.  See id. at ¶ 20.

On December 8, 2004, a Grand Jury returned a four (4) count indictment charging Perez-Carrera and two (2) co-defendants in Criminal Case No. 04-0407 (SEC).  On April 20, 2005, Petitioner pled guilty to two (2) counts.  See Transcript of Record, U.S. v. Perez-Carrera, CR-04-0407 (P.R.D.) .  These were:   possessing with intent to distribute at least three hundred (300), but less than four hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a) and 846 ("Count One"); and aiding, and abetting in the use of a firearm during the commission of a drug trafficking offense ("Count Two") in violation of 18 U.S.C. § 924 (c)(1)(a)(i).  Petitioner also

**Civil No. 06-2010 (SEC)**                                                        **Page 3**

waived and surrendered his right to appeal the judgment and sentence in the case at bar if this Court accepted the plea agreement and sentenced him according to its terms and conditions.

This Court accepted the sentence the parties agreed to recommend, and, on June 17, 2005, Petitioner was sentenced to a term of imprisonment of thirty-seven (37) months as to Count One, and sixty (60) consecutive months as to Count Two. Perez-Carrera's judgment was entered on June 21, 2005. After several procedures instigated by Perez-Carrera, on September 25, 2006, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

**Applicable Law and Analysis**

*Timeliness of petition under 28 U.S.C. § 2255*

Under 28 U.S.C. § 2255:

> a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack [...].

Vega-Colon v. U.S., 463 F. Supp. 2d 146, 150 (D.P.R. 2006) (citing 28 U.S.C. § 2255). A motion under this section is not a substitute for a direct appeal, and imposes higher standards on the petitioner. Id.

A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), for the filing of *habeas corpus* petitions pursuant to § 2255. See Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007). As a result, a federal prisoner must file a petition for post-conviction relief under § 2255 within one year from the time on which the judgment of conviction becomes final. Clay v. U.S., 537 U.S. 522 (2003). In particular, § 2255 provides that a motion to vacate sentence must be filed within a year from:

> (1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in

**Civil No. 06-2010 (SEC)**                                                                        **Page 4**

violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The U.S. Supreme Court, faced with a split amongst the circuits, answered the question of whether the one-year statute of limitations for federal *habeas corpus* started to accrue upon the appellate court's validation of the conviction or upon the expiration of the time to file a *certiorari* before the Court.  See Clay, 537 U.S. 522 (2003).  Reasoning that it was more consistent with the historic meaning of finality, it held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period [...] a judgment of conviction becomes final when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction." Id. at 524-25.

In the case at bar, Judgment was entered on June 21, 2005.  The government's argument is that since Petitioner did not appeal his sentence, the judgment of conviction dated June 21, 2005 became final on July 6, 2005, when the ten (10) day period to file an appeal expired.

By contrast, Petitioner asserts that because his counsel failed to file a direct appeal, the one-year limitation period in AEDPA began thirty (30) days after his sentence expired. According to Petitioner, the one-year limitation period started to run on or about July 21, 2005, but was tolled on December 16, 2005, the date on which he filed a Motion to Withdraw Plea of Guilty.  See Docket # 83, CR-04-0407 (SEC).  This Court denied the aforementioned motion on January 5, 2006.  See Docket # 84, CR-04-0407 (SEC).  The following day, Petitioner alleges, he filed an appeal against the order denying the  Motion of Withdrawal.  It was not until September 12, 2006, that he voluntarily  dismissed that appeal, and on October 2, 2006, the Appellate Court entered the judgment ordering said dismissal.  On September 25, 2006,

**Civil No. 06-2010 (SEC)**                                                                    **Page 5**

Petitioner filed the present motion to vacate under § 2255.  Petitioner contends that the one-year

statute of limitations did not run from December 16, 2005 until October 2, 2006, when the Court

of Appeals allowed him to withdraw his appeal motion.

       This Court declines Petitioner's invitation to adopt the time frame he has established for

himself.  The key element to interrupt the one-year limitations period enshrined in § 2255 is

filing a direct appeal of a sentence. <u>Trenkler v. United States</u>, 268 F.3d 16,  20 (1st Cir. 2001)

(stating "the prevailing view [is] that a conviction becomes 'final' upon the completion of direct

review").  In <u>United States v. Dorsey</u>, 988 F. Supp. 917 (D.Md. 1998), the trial court agreed to

accept Dorsey's § 2255 motion using as the date of reference the day on which "the Supreme

Court denied *certiorari*." <u>Id.</u> at 918.  <u>Dorsey</u> further stated that, "although the language of §

2255 itself does not obligate a petitioner to complete any direct review before filing a 2255

motion, the courts have created such a requirement in the interests of efficient administration

of justice." <u>Id</u>. Unlike in the case at hand, Dorsey initiated a direct appeal, and later petitioned

for *certiorari* from the Supreme Court. Petitioner not only surrendered his right to appeal in the

plea agreement negotiated with this Court, but his Motion to Withdraw Plea of Guilty, filed on

December 16, 2005 (almost six (6) months after this Court's judgment) cannot be considered

a direct appeal, nor an interruption of the one-year limitations period.  In addition, Petitioner

also failed to abide by the ten (10) day appeal limit. <u>Fleming v. Evans</u>, 481 F.3d 1249, 1255

(10th Cir. 2007) (holding that a conviction became final ten days after an Oklahoma defendant's

entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

Consequently, Perez-Carrera's § 2255 petition filed on September 25, 2006 is untimely.

Accordingly, all of the claims he raised in it are **DISMISSED**.

**Civil No. 06-2010 (SEC)**                                                                                      **Page 6**

**Conclusion**

In light of the above, this Court concludes that Petitioner's § 2255 motion was untimely, and, as a result, it is hereby **DENIED and DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of July, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge
